## EARL SIMPSON V. THE STATE.

No. 19591.   Delivered March 30, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting beer in a dry area; the punishment, a fine of $500.00 and confinement in jail for six months.

I. A. Brooks operated a wholesale beer business in the town of Paducah, which was situated in a wet area. The Badger Herring Sales and Drug Company appear to have operated a business in the city of Amarillo, which is also situated in a wet area. On the 16th of July, 1937, an officer observed appellant stop his automobile at Mr. Brooks' place of business in the town of Paducah, and shortly thereafter drive away in the direction of Childress County with a number of cartons in his car. When appellant drove into Childress County, which is a dry area, he was pursued by officers of that county and finally forced to stop his car. The search of the car disclosed that it contained 41 cases of beer.

Appellant did not testify, but introduced his wife as a witness. According to her version, Mr. Brooks had requested appellant to transport the beer in question to Amarillo. After the beer had been loaded into the car Mr. Brooks gave appellant a statement which he placed in his billfold with his papers. At this juncture we quote from the testimony of the witness: "Yes, I would recognize that statement if I should see it. Yes, the statement you hand me is the same statement that Mr. Brooks signed and gave to Mr. Simpson that night. I saw Mr. Brooks write out the statement and sign it. Mr. Simpson had that statement with him when we were arrested in this county on the night of July 16th of this year."

It appears from the testimony that the arresting officer did not request appellant to exhibit the written statement mentioned in Acts 1935, 44th Leg., Second Called Session, page 1795, Chap. 467, Article 2, Sec. 18. We quote said section, as follows:

"It is hereby declared to be lawful to transport beer, as herein defined, from any place in this State, where the sale, manufacture and distribution of said beer is authorized by law, to any other place within this State where the same may be lawfully manufactured, sold or distributed; and from the State boundary to any such place, even though in the course of such

transportation the route over which the same is being transported may traverse local option territory in which the manufacture, sale and distribution of said beer is prohibited. Provided, however, that any such shipments must be accompanied by a written statement furnished and signed by the shipper showing the name and address of the consignor and the consignee, the origin and destination of such shipment and it shall be the duty of the person in charge of such cargo while it is being so transported to exhibit such written statement to any peace officer making demand therefor, and said statement shall be accepted by such officer as prima facie evidence of the lawful right to transport such beer."

After Mrs. Simpson had identified the statement she had testified her husband had received at the time of loading the beer, appellant offered same in evidence. However, upon objection by counsel for the State it was rejected. The statement, as disclosed by the bill of exception, is dated July 16, 1937, and reveals that I. A. Brooks of Paducah, Texas, was shipping 41 cases of beer to Badger Herring Sale and Drug of Amarillo, Texas. Moreover, the statement is purportedly signed by the said Brooks, and shows that the beer was being transported by appellant. We think that under the terms of Sec. 18, supra, the court was in error in sustaining the State's objection. Appellant had sought a continuance on account of the absence of I. A. Brooks, and had alleged in his application that he would testify, if present, that he had delivered the 41 cases of beer in question to the appellant for the purpose of shipping it to Amarillo, Texas, and had furnished appellant the statement we have heretofore mentioned.

Nowhere in the charge did the court submit the affirmative defense of the appellant that he was transporting the beer in accordance with the requirements of the statute heretofore mentioned. Appellant presented a requested instruction upon the subject and excepted to the charge for the omission in this respect.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.